UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANUEL J. CASARES,

Petitioner,

v.

WELLS FARGO BANK, N.A., *et al.*,

Respondents.

Case No. 1:18-mc-00044 (TNM)

**MEMORANDUM OPINION AND ORDER**

Manuel J. Casares has filed a "claim" for "trespass (forgery), conspiracy[,] burglary, robbery, theft, false arrest, false imprisonment, battery, injury, damages[, and] failure to immediately return of property [sic]," naming numerous opposing parties, the first of which is Wells Fargo Bank, N.A. ECF No. 1. As supplemented by a later filing, Mr. Casares argues that he is being injured by "Indian River Sheriff Daryl Loar and other wrongdoers," including "Indian River county deputies," as they trespassed on his "home" and "enforce[d] . . . forged void orders," thereby discriminating against his unique heritage. ECF No. 4 at 3-4. He explains that this claim "must be filed as superseding 1:13-cv-01633"—referring to a prior case dismissed by Judge Amy Berman Jackson—in part because he erroneously "file[d] a complaint . . . when it should have been a claim." ECF No. 4.

But Mr. Casares has already litigated these facts—twice. In his case before Judge Jackson, Mr. Casares "who formerly worked as a financial advisor for Wells Fargo Advisors, allege[d] that he lost his home [in Indian River County, Florida] as a result of a mortgage fraud scheme, and that after he published a website critical of Wells Fargo's handling of the mortgage situation, he also lost his job." *Casares v. Wells Fargo Bank, N.A.*, 268 F. Supp. 3d 248, 250

(D.D.C. 2017). Mr. Casares challenged the foreclosure on numerous grounds: including "treason and conspiracy," obstruction of justice, and "mail and wire fraud." *Id.* at 252. Judge Jackson dismissed Mr. Casares' claims about "the alleged illegal foreclosure action . . . in Indian River County," because that foreclosure had already been litigated in Florida's state courts. *Id.* at 254-255 (internal citations omitted). Under the doctrine of res judicata, also known as claim preclusion, parties cannot repeatedly litigate the same basic facts simply by "raising a different legal theory or seeking a different remedy in the new action that was available . . . in the prior action." *Id.* at 254. Instead, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (citation omitted).

I must reach the same conclusion here. Mr. Casares cannot repackage his challenge to the Indian River County foreclosure in new legal terms—"trespass," "burglary, robbery, [and] theft," among others, *see* ECF Nos. 1, 4—and keep coming back to court. This is (1) the same cause of action, meaning the same "factual nucleus," *Sheptock v. Fenty*, 707 F.3d 326, 330 (D.C. Cir. 2013), (2) involving the same parties,[1] and (3) the same final valid judgment by the Nineteenth Judicial Circuit Court in Indian River County, Florida, (4) which is "a court of

---

[1] Mr. Casares has also named numerous parties beyond those in the original Florida suit. *Compare* ECF Nos. 1, 4, *with Casares*, 268 F. Supp. 3d at 250-251 (noting that the Florida litigation involved Wells Fargo Bank, N.A., Wells Fargo Advisors, LLC, and Robin Cobas, an employee of Wells Fargo Advisors.) But he fails to make any plausible claims about these parties (or any party, for that matter) upon which relief could be granted. *See* ECF Nos. 1, 4; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

competent jurisdiction." *Casares*, 268 F. Supp. 3d at 255. Claim preclusion will not allow the re-litigation of these facts.[2]

For these reasons, it is hereby **ORDERED** that Mr. Casares' claim is **DISMISSED WITH PREJUDICE**.

This is a final, appealable order.

Dated: April 18, 2018

TREVOR N. MCFADDEN
United States District Judge

---

[2] To the extent that Mr. Casares is seeking leave to file a second amended complaint, leave to file is denied. Judge Jackson has already denied two such motions, and Mr. Casares offers nothing that would merit leave to amend. *See* Fed. R. Civ. P. 15(a); *Casares v. Wells Fargo Bank, N.A.*, 1:13-cv-1633-ABJ, ECF No. 52.